**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

UNITED STATES OF AMERICA,

     *Plaintiff,*

   v.

MARK SORENSEN, *et al.,*

     *Defendants.*

No. 19 CR 745

Judge Elaine E. Bucklo

## **JOINT PROPOSED JURY INSTRUCTIONS**

Pursuant to the Court's order of November 18, 2021 (Dkt. No. 97), the parties respectfully submit the following proposed jury instructions. To the extent there are objections to any instruction, the parties have noted such objections in the instruction.

Dated: February 2, 2022

                     Respectfully submitted,

         By:   */s Thomas M. Breen*
               Counsel for Defendant Mark Sorensen

               BREEN & PUGH
               53 W. Jackson Blvd.
               Suite 1215
               Chicago, IL 60604

By:    */s Michael I. Leonard*
       Counsel for Defendant Polina Goncharova

       LEONARD TRIAL LAWYERS LLC
       120 N. LaSalle
       Suite 2000
       Chicago, IL 60602


JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice

By:    */s Leslie S. Garthwaite*
       Leslie S. Garthwaite
       Victor Yanz
       Trial Attorneys
       U.S. Department of Justice
       Criminal Division, Fraud Section
       219 South Dearborn St., Rm. 500
       Chicago, Illinois 60604

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendants guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

INSTRUCTION NO. 1
Seventh Circuit Committee (2020 Ed.) 1.01

The charges against the defendants are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendants committed the crime of conspiracy to offer and pay, and solicit and receive, kickbacks and bribes in return for the referral of patients to Symed Inc. Further the indictment charges that the defendants caused Symed Inc. to offer and pay kickbacks and bribes in return for patient referrals. The defendants have pled not guilty to these charges.

The indictment is simply the formal way of telling the defendants what crimes they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt.

INSTRUCTION NO. 2
Seventh Circuit Committee (2020 Ed.) 1.02

Each defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the particular defendant you are considering is guilty as charged.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his or her innocence. He or she is not required to produce any evidence at all.

INSTRUCTION NO. 3
Seventh Circuit Committee (2020 Ed.) 1.03

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, [and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true [or] [that a witness would have given certain testimony].]

[In addition, you may recall that I took [judicial] notice of certain facts that may be considered as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.]

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

INSTRUCTION NO. 4
Seventh Circuit Committee (2020 Ed.) 2.01

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

INSTRUCTION NO. 5
Seventh Circuit Committee (2020 Ed.) 2.02

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses. [INCLUDE ONLY IF THE DEFENDANT DOES NOT CALL ANY WITNESSES PER COMMITTEE COMMENT]

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

A defendant has an absolute right not to testify [or present evidence]. You may not consider in any way the fact that a defendant did not testify [or present evidence]. You should not even discuss it in your deliberations.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony [including that of the defendant]. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- [the age of the witness; ]

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent [or consistent] statements or conduct by the witness.

It is proper for an attorney to interview any witness in preparation for trial.

INSTRUCTION NO. 10
Seventh Circuit Committee (2020 Ed.) 3.02

[IF APPROPRIATE AFTER TRIAL EVIDENCE] You have heard evidence that before the trial, [a witness] [witnesses] made statements that may be inconsistent with [his/their] testimony here in court. You may consider an inconsistent statement made before the trial [only] to help you decide how believable a witness' testimony was here in court. [If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.]

INSTRUCTION NO. 11
Seventh Circuit Committee (2020 Ed.) 3.03

[IF APPROPRIATE AFTER TRIAL EVIDENCE] [You have heard evidence that before the trial, the defendant made a statement that may be inconsistent with [his/her] testimony here in court. You may consider an inconsistent statement by the defendant made before the trial to help you decide how believable the defendant's testimony was here in court, and also as evidence of the truth of whatever the defendant said in the earlier statement.]

You have heard testimony from [a witness/witnesses] who:

- was [promised/received/expected] a benefit in return for [his/her] [testimony/cooperation with the government].

- [has pled guilty to being/stated that he was involved in [one/some] of the crime[s] the defendants are charged with committing. [You may not consider his guilty pleas as evidence against the defendant.]

You may give [this witness'/these witnesses'] testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

INSTRUCTION NO. 13
Seventh Circuit Committee (2020 Ed.) 3.05

You have heard testimony about [name]'s character for [truthfulness; untruthfulness]. You may consider this evidence only in deciding the believability of [name]'s testimony and how much weight to give to it.

INSTRUCTION NO. 14
Seventh Circuit Pattern (2020 Ed.) 3.07

You have [heard testimony; received evidence] that [the defendant; defendant[name]] made a statement to [name of person or agency]. You must decide whether [the defendant; defendant [name]] actually made the statement and, if so, how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made.

[You may not consider the statement of defendant [name] as evidence against [the; any] other defendant.]

INSTRUCTION NO. 15
Seventh Circuit Pattern (2020 Ed.) 3.09

You have heard testimony of an identification of a person. Identification testimony is an expression of the witness' belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time [of the offense] and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government must prove beyond a reasonable doubt that the defendant is the person who committed the crime that is charged. [PARTIES AGREE TO REMOVE THIS INSTRUCTION ONCE AN AGREED STIPULATION TO IDENTIFY IS CONFIRMED]

INSTRUCTION NO. 16
Seventh Circuit Pattern (2020 Ed.) 3.12

You have heard a witness, namely, [name of witness], who gave opinions and testimony about [certain subject(s); specify the subject(s), if possible]. You do not have to accept this witness' [opinions; testimony]. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his [opinions; conclusions], and the factors I have described for determining the believability of testimony.

You have heard recorded conversations and seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

[You were also given transcripts of the conversation[s] [on the video recording[s]] to help you follow the recording[s] as you listened to [it; them]. The recording[s] are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

[You may consider a person's actions, facial expressions, and lip movements that you are able to observe on a video recording to help you determine what was said and who said it.]]

[I am providing you with the recording[s] and a device with instructions on its use. It is up to you to decide whether to listen to [a; the] recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.] [*ctnd.*]

[If, during your deliberations, you wish to have another opportunity to view [a; any] transcript[s][as you listen to a recording], send a written message to the [marshal; court security officer], and I will provide you with the transcript[s].]

INSTRUCTION NO. 18
Seventh Circuit Pattern (2020 Ed.) 3.14

Certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence [even though the underlying [documents; evidence] are not here]

[The accuracy of the [summaries; charts] has been challenged. [The underlying [documents; evidence] [has; have] also been admitted so that you may determine whether the [summaries; charts] are accurate.]

[It is up to you to decide how much weight to give the [summaries; charts].

Certain [summaries; charts] were shown to you to help explain other evidence that was admitted, [specifically, identify the demonstrative exhibit, if appropriate]. These [summaries; charts] are not themselves evidence or proof of any facts, [so you will not have these particular [summaries; charts] during your deliberations]. [If they do not correctly reflect the facts shown by the evidence, you should disregard the [summaries; charts] and determine the facts from the underlying evidence.]

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

You have heard evidence obtained from the government's use of [undercover agents; informants; deceptive investigative techniques]. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence. [TO BE INCLUDED ONLY IF THESE ISSUES ARE RAISED ON CROSS-EXAMINATION]

Count One of the Indictment charges the defendants, Mark Sorensen and Polina Goncharova, with conspiracy to offer and pay, and to solicit and receive, remuneration, including bribes and kickbacks, in return for patient referrals.

In order for you to find a defendant guilty of this charge, the government must prove all three of the following elements beyond a reasonable doubt:

1.       The conspiracy as charged in Count One existed; and

2.       The defendant knowingly and willfully became a member of the conspiracy with an intent to advance the conspiracy; and [GOV'T OBJECTS TO THE ADDITION OF WILLFULLY]

3.       One of the conspirators committed an overt act in an effort to advance a goal of the conspiracy [on or before September 24, 2014].

An overt act is any act done to carry out a goal of the conspiracy. The government is not required to prove all of the overt acts charged in the indictment. [The overt act may itself be a lawful act].

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

26

INSTRUCTION NO. 23

Seventh Circuit Committee (2020) 4.01, 5.08(A); *Ingram v. United States*, 360 U.S. 672, 678 (1959) (Conspiracy to commit a particular substantive offense cannot exist without at least the degree of criminal intent necessary for the substantive offense itself.); *U. S. v. Feola*, 420 U.S. 671, 686 (1975) (to sustain a judgment of conviction on a charge of conspiracy to violate a federal statute, the Government must prove at least the degree of criminal intent necessary for the substantive offense itself); *United States v. Soy*, 454 F.3d 766, 768 (7th Cir. 2006)

[ADDITIONAL SUPPORT PROVIDED IN NOTES FROM DEFENSE.]

Counts Two through Four of the indictment charge Mark Sorensen and Polina Goncharova with offering and paying remuneration, including bribes and kickbacks, in return for the referral of patients to Symed who were covered by federal health care benefit programs, including Medicare.

In order for you to find a defendant guilty of a charge of this type, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant knowingly and willfully offered or paid any remuneration, directly or indirectly, overtly or covertly, as charged in the particular count you are considering.

2. The defendant did so to induce the referral of an individual (or individuals) to Symed for the provision of services or for the arrangement for the provision of services.

3. Payment for those services was made in whole or in part by a federal health care benefit program, including Medicare.

The government need not prove that the only or primary purpose of the payment was to induce the referral of Medicare patients. If the government proves beyond a reasonable doubt that one of the purposes of making or offering the payment was to induce the referral of Medicare patients, then that is sufficient. [DEFENSE REQUESTS THAT THIS PARAGRAPH APPEAR AS A SEPARATE INSTRUCTION; GOVERNMENT DOES NOT OBJECT BUT DOES NOT THINK NECESSARY]

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, as to the charge you are considering, then you should find the defendant guilty of that charge. (*Ctnd.*)

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

GOVERNMENT'S INSTRUCTION NO. 24
Seventh Circuit Committed (2020 Ed.) 4.01; *United States v. Patel*, 17 F.Supp. 3d 814, 823-24 (N.D.Ill. 2014); *United States v. Borrasi*, 639 F.3d 774, 782 (7th Cir. 2011).

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. [In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.]

[You may find that the defendant acted knowingly if you find beyond a reasonable doubt that he believed it was highly probable that his payment for doctors' orders constituted illegal kickbacks and that he took deliberate action to avoid learning that fact. You may not find that the defendant acted knowingly if he was merely mistaken or careless in not discovering the truth, or if he failed to make an effort to discover the truth.] [DEFENDANTS OBJECT TO GIVING THE SECOND PARAGRAPH. IF AFTER THE EVIDENCE THE COURT GIVES THIS PARAGRAPH, DEFENDANTS WILL PROPOSE LANGUAGE TO INCLUDE IN THE BRACKETED PORTION]

GOV'T PROPOSES:

A person acts "willfully" if she acts voluntarily and purposefully, knowing that her conduct was, in a general sense, unlawful. That is, the defendant must have acted with a bad purpose to disobey or disregard the law. The government need not prove that the defendant was aware of the specific provision of the law that she is charged with violating, or any other specific provision.

Seventh Circuit Committee (2020) 4.11; *Bryan v. United States*, 524 U.S. 184, 191 (1988); *United States v. Patel*, 17 F.Supp.3d 814, 824 (N.D. Ill. 2014).

DEFENSE PROPOSES:

A person acts "willfully" if she acts voluntarily and purposefully, knowing that her conduct is unlawful. That is, the defendant must have acted with a bad purpose, either to disobey or disregard the law. The government need not prove that the defendant had actual knowledge of the precise federal statute that she is charged with violating.

If a person has a good faith belief that her actions comply with the law, she lacks the willful intent required to prove her guilty. The defendant does not have to prove her good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted knowingly and willfully. This is so even if the defendant's belief or understanding about what the law says is wrong.

In deciding whether a defendant acted knowing and willfully, or in good faith, you must make your decision based upon what the defendant believed at the time of the conduct at issue.

GOVERNMENT'S INSTRUCTION NO. 26
Seventh Circuit Committee (2020) 4.11, 6.10, and 6.11; *Bryan v. United States*, 524 U.S. 184, 191 (1988); *United States v. Patel*, 17 F.Supp.3d 814, 824 (N.D. Ill. 2014); *In re Jacobs*, 448 B.R. 453, 472 (Bankr. N.D. Ill. 2011) (the focus of an "actual fraud" claim is on the defendant's state of mind at the time of his purportedly fraudulent conduct); Modified version of instruction given in *U.S. v. Novak et al.,* No. 13 CR 312, Dkt No. 636 at p. 30 (N.D. IL)

"Remuneration" means the transfer of anything of value, including bribes, kickbacks, payments of cash, or in-kind benefits. Remuneration can be paid directly or indirectly, overtly or covertly.

GOVERNMENT'S INSTRUCTION NO. 27
42 U.S.C. § 1320a-7b(b)(1). Modified version of instruction given in *U.S. v. Novak et al.,* No. 13 CR 312 (N.D. IL)

A "referral" is any action that directs a patient to a particular provider of services.

GOVERNMENT'S INSTRUCTION NO. 28
*United States v. Patel*, 778 F.3d 607, 618 (7th Cir. 2015).

A person who [orders/authorizes [or] in some other way is responsible for] the criminal acts of another person may be found guilty whether or not the other person [is; has been] found guilty.

A person who acts on behalf of a [corporation; partnership; other entity] also is personally responsible for what he does or causes someone else to do.

However, a person is not responsible for the conduct of others performed on behalf of a corporation merely because that person is an officer, employee, or other agent of a corporation.

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

A "conspiracy" is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goal was not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

GOVERNMENT'S INSTRUCTION NO. 32
Seventh Circuit Committee (2020) 5.09

To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished. The government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goals of the conspiracy and knowingly and willfully joined the conspiracy. [GOVERNMENT OBJECTS TO THE INSERTION OF THE EXTRA MENTAL STATE]

[A defendant is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.]

In deciding whether a particular defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. To determine what that defendant did or said, you may consider that defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

GOVERNMENT'S INSTRUCTION NO. 33
Seventh Circuit Committee (2020) 5.10

If a defendant relied in good faith on the advice of an attorney that his or her conduct was lawful, then he or she lacked the [knowledge required to prove the offense charged in [Count One] and the [willfulness to prove the offenses charged in Counts Two through Four of the indictment].

The defendant[s] relied in good faith on the advice of counsel if:

1. Before taking action, he or she in good faith sought the advice of an attorney whom he considered competent to advise him or her on the matter; and

2. He or she consulted this attorney for the purpose of securing advice on the lawfulness of his possible future conduct; and

3. He or she made full and accurate report to his or her attorney of all material facts that he knew; and

4. He then acted strictly in accordance with the advice of this attorney.

[You may consider the reasonableness of the advice provided by the attorney when determining whether the defendant acted in good faith.]

The defendants do not have to prove her or her good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted [knowingly as charged in Count One, and willfully as charged in Counts Two through Four].

The defendants have been accused of more than one offense. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge [and the evidence concerning each charge] separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

Even though the defendants are being tried together, you must consider each defendant [and the evidence concerning that defendant] separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning any other defendant.

In deciding your verdict, you should not consider the possible punishment for the defendants who are on trial. If you decide that the government has proved a defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

GOVERNMENT'S INSTRUCTION NO. 37
Seventh Circuit Committee (2020) 4.08; *Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed.").

Medicare, TRICARE, and OWCP are each a health care benefit program.

The indictment charges that the crimes happened "on or about" a certain date. The government must prove that the crimes happened reasonably close to the date. The government is not required to prove that the crimes happened on those exact dates.

Once you are all in the jury room, the first thing you should do is choose a [foreperson/presiding juror]. The [foreperson/presiding juror] should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, Instagram, Snapchat, LinkedIn, YouTube, and Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony. (*ctnd.*)

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

GOVERNMENT'S INSTRUCTION NO. 40
Seventh Circuit Committee (2020) 7.01

Verdict forms have been prepared for you. You will take these forms with you to the jury room.

[Read the verdict forms.]

When you have reached unanimous agreement, your [foreperson/presiding juror] will fill in, date, and sign the verdict forms. Each of you will sign each verdict form.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, the clerk will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT'S INSTRUCTION NO. 42
Seventh Circuit Committee (2020) 7.03

1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MARK SORENSEN, AND
POLINA GONCHAROVA

No. 19 CR 745

Judge Elaine E. Bucklo

## **VERDICT FORM**

We, the jury, find the defendant, MARK SORNSEN:

|  | GUILTY | NOT GUILTY |
|---|---|---|
|  |  |  |
| Count One |  |  |
| Count Two |  |  |
| Count Three |  |  |
| Count Four |  |  |

We, the jury, find the defendant, POLINA GONCHAROVA:

|  | GUILTY | NOT GUILTY |
|---|---|---|
|  |  |  |
| Count One |  |  |
| Count Two |  |  |
| Count Three |  |  |
| Count Four |  |  |

SO SAY WE ALL:


_____     _____

FOREPERSON


_____     _____


_____     _____


_____     _____


_____     _____


_____     _____


DATE: _____

A defendant's presence at the scene of a crime and knowledge that a crime is being committed is not sufficient by itself to establish the defendant's guilt.

If a defendant performed acts that advanced the crime but had no knowledge that the crime was being committed or about to be committed, those acts are not sufficient by themselves to establish the defendant's guilt.

A defendant's association with persons involved in a [crime; criminal scheme] is not sufficient by itself to prove his [participation in the crime] [or] [membership in the criminal scheme].

DEFENSE INSTRUCTION NO. 1
Seventh Circuit Committee (2020) 5.07

[GOVERNMENT OBJECTS TO THE INCLUSION OF THIS INSTRUCTION BASED ON THE LANGUAGE OF THE COMMENTS, WHICH ARE INCONSISTENT WITH THE EVIDENCE IN THIS CASE]