UNITED STATES OF AMERICA

    v.

MARK SORENSEN and
POLINA GONCHAROVA

No. 19-CR-00745

Judge Franklin U. Valderrama

**JURY INSTRUCTIONS**

## Functions of Court and Jury

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendants guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

## The Charge

The charges against the defendants are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendants committed the crime of conspiracy to offer and pay, and solicit and receive, kickbacks and bribes in return for the referral of patients to Symed Inc. Further the indictment charges that the defendants caused Symed Inc. to offer and pay kickbacks and bribes in return for patient referrals. The defendants have pled not guilty to these charges.

The indictment is simply the formal way of telling the defendants what crimes they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt.

## Presumption of Innocence/Burden of Proof

Each defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the particular defendant you are considering is guilty as charged.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his or her innocence. He or she is not required to produce any evidence at all.

## The Evidence

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true and that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

## <u>Considering the Evidence</u>

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence. However, you may not speculate or rely on suspicion. Circumstantial evidence that leads only to a strong suspicion that someone is involved in a criminal activity is not a substitute for proof of guilt beyond a reasonable doubt.

# Direct and Circumstantial Evidence

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

## **Evidence Received for a Limited Purpose**

On Thursday you heard Mr. Perconti testify that the attorneys at Brown & Fortunato informed him that his percentage-based contract with Symed was illegal. You are only to consider that evidence as it relates to Mr. Perconti's state of mind. These remarks cannot be considered by you for any other purpose.

## **Withdrawn Evidence**

During the trial, you heard audio recordings of conversations between Mark Sorensen and Christine Anderson. These recordings (Exhibits 306A, 306B, and 307A) are no longer in evidence in this case. You may not consider these recordings for any reason.

## **Defendants' Right Not to Testify or Present Evidence**

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that a defendant did not testify or present evidence. You should not even discuss it in your deliberations.

## Credibility of Witnesses

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

## **Attorney Interviewing Witnesses**

It is proper for an attorney to interview any witness in preparation for trial.

## Prior Inconsistent Statements

You have heard evidence that before the trial, witnesses made statements that may be inconsistent with their testimony here in court. You may consider an inconsistent statement made before the trial to help you decide how believable a witness' testimony was here in court.

## Witnesses Requiring Special Caution

You have heard testimony from witnesses who:

- Received and expected a benefit in return for his or her testimony and cooperation with the government;

- Have pled guilty to being involved in the crime[s] the defendants are charged with committing. You may not consider their guilty pleas as evidence against the defendants.

You may give these witnesses' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

## Statements by Defendants

You have received evidence that Defendant Mark Sorensen and Defendant Polina Goncharova each made a statement to agents with the United States Department of Health and Human Services Office of Inspector General. You must decide whether each Defendant actually made the statement and, if so, how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made.

You may not consider the statement of one defendant as evidence against the other defendant.

## **Opinion Testimony**

You have heard a witness, namely, Stephen Quindoza, who gave opinions and testimony about the Medicare program. You do not have to accept this witness' testimony. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his conclusions, and the factors I have described for determining the believability of testimony.

## <u>Recorded Conversations/Transcripts</u>

You have heard recorded conversations and seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversations of the audio and video recordings to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to listen to the recordings during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

## <u>Summaries Received in Evidence</u>

Certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence even though the underlying evidence is not here.

It is up to you to decide how much weight to give the summaries.

## Demonstrative Summaries/Charts Not Received in Evidence

A summary was shown to you to help explain other evidence that was admitted, specifically, during Bernard Perconti's testimony. This summary is not itself evidence or proof of any facts, so you will not have this particular summary during your deliberations.

## Juror Note-Taking

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

## Government Investigative Techniques

You have heard evidence obtained from the government's use of informants and deceptive investigative techniques. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence.

## Definition of "Knowingly"

A person acts "knowingly" if he or she realizes what he or she is doing and is aware of the nature of his or her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

## <u>Definition of "Willfully"</u>

A person acts "willfully" if he or she acts voluntarily and purposefully, knowing that his or her conduct was unlawful. That is, the defendant must have acted with a bad purpose to disobey or disregard the law. The government need not prove that the defendant was aware of the specific provision of the law that he or she is charged with violating.

## Definition of "Remuneration"

"Remuneration" means the transfer of anything of value, including bribes, kickbacks, payments of cash, or in-kind benefits. Remuneration can be paid directly or indirectly, overtly or covertly.

## **<u>Definition of "Referral"</u>**

A "referral" is any action that directs a patient to a particular provider of services.

## Health Care Benefit Program

Medicare, TRICARE, and OWCP are each a health care benefit program.

## <u>Responsibility</u>

A person who orders, authorizes, or in some other way is responsible for the criminal acts of another person may be found guilty whether or not the other person is found guilty.

## **Association**

A defendant's association with persons involved in a crime is not sufficient by itself to prove his or her participation in the crime.

## Definition of "Conspiracy"

A "conspiracy" is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goal was not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

## Membership in a Conspiracy

To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished. The government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goals of the conspiracy and knowingly and willfully joined the conspiracy.

A defendant is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

In deciding whether a particular defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. To determine what that defendant did or said, you may consider that defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

## **Date of Crime Charged**

The indictment charges that the crimes happened "on or about" a certain date. The government must prove that the crimes happened reasonably close to the date. The government is not required to prove that the crimes happened on those exact dates.

## 18 U.S.C. § 371, Conspiracy – Elements of Count One

Count One of the Indictment charges the defendants, Mark Sorensen and Polina Goncharova, with conspiracy to offer and pay, and to solicit and receive, remuneration, including bribes and kickbacks, in return for patient referrals.

In order for you to find a defendant guilty of this charge, the government must prove all three of the following elements beyond a reasonable doubt:

1.	The conspiracy as charged in Count One existed; and

2.	The defendant knowingly and willfully became a member of the conspiracy with an intent to advance the conspiracy; and

3.	One of the conspirators committed an overt act in an effort to advance a goal of the conspiracy on or before April 2018.

An overt act is any act done to carry out a goal of the conspiracy. The government is not required to prove all of the overt acts charged in the indictment. The overt act may itself be a lawful act.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

## 42 U.S.C. § 1320a-7b(b)(2)(A), Offer and Pay Remuneration for Referrals – Elements of Counts Two through Four

Counts Two through Four of the indictment charge Mark Sorensen and Polina Goncharova with offering and paying remuneration, including bribes and kickbacks, in return for the referral of patients to Symed who were covered by federal health care benefit programs, including Medicare.

In order for you to find a defendant guilty of a charge of this type, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant knowingly and willfully offered or paid any remuneration, directly or indirectly, overtly or covertly, as charged in the particular count you are considering.

2. The defendant did so to induce the referral of an individual (or individuals) to Symed for the provision of services or for the arrangement for the provision of services.

3. Payment for those services was made in whole or in part by a federal health care benefit program.

The government need not prove that the only or primary purpose of the payment was to induce the referral of patients enrolled in a federal healthcare benefit program. If the government proves beyond a reasonable doubt that one of the purposes of making or offering the payment was to induce the referral of patients enrolled in a federal healthcare benefit program, then that is sufficient. [*ctnd.*]

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

## Separate Consideration—One Defendant Charged with Multiple Crimes

The defendants have been accused of more than one offense. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

## Separate Consideration—Multiple Defendants Charged with Same or Multiple Crimes

Even though the defendants are being tried together, you must consider each defendant and the evidence concerning that defendant separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning any other defendant.

# **Punishment**

In deciding your verdict, you should not consider the possible punishment for the defendants who are on trial. If you decide that the government has proved a defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

## Jury Deliberations

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, Instagram, Snapchat, LinkedIn, YouTube, and Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony. (*ctnd.*)

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

## Verdict Form

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign the verdict form.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

## Unanimity/Disagreement Among Jurors

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

UNITED STATES OF AMERICA

v.

MARK SORENSEN and
POLINA GONCHAROVA

No. 19-cr-00745

Judge Franklin U. Valderrama

## VERDICT FORM

We, the jury, find the defendant, MARK SORENSEN:

|  | NOT GUILTY | GUILTY |
|---|---|---|
|  |  |  |
| Count One |  |  |
| Count Two |  |  |
| Count Three |  |  |
| Count Four |  |  |

We, the jury, find the defendant, POLINA GONCHAROVA:

|  | NOT GUILTY | GUILTY |
|---|---|---|
|  |  |  |
| Count One |  |  |
| Count Two |  |  |
| Count Three |  |  |
| Count Four |  |  |

SO SAY WE ALL:

_____          _____

FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

DATE: _____